UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABC DEBT COLLECTIONS, LLC,

       Plaintiff,

vs.

Case No. 16-14225
HON. GEORGE CARAM STEEH

GLEASON CORPORATION, and
GLEASON GEAR TECHNOLOGY
CO. LTD.,

       Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT GLEASON CORPORATION'S MOTION TO DISMISS (DOC. 5)

Plaintiff ABC Debt Collections, LLC sued Gleason Corporation and Gleason Gear Technology (Suzhou) Co. Ltd., hereafter referred to as GGTS, arising out of a failure to complete payments under a sales contract. Plaintiff brings three claims, Breach of Contract against GGTS (Count 1); Open Account under Mich. Comp. Laws § 600.2145 against GGTS (Count II); and Unjust Enrichment against both defendants (Count III). Plaintiff also seeks to pierce the corporate veil and hold Gleason Corporation liable for Counts I and II. The matter is presently before the Court on defendant Gleason Corporation's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and 12(b)(6) for failure

to state a claim. (Doc. 5). The Court heard oral argument on May 11, 2017. For the reasons stated below, Gleason Corporation's motion to dismiss will be GRANTED pursuant to Rule 12(b)(2). The Court, therefore, does not address the arguments based upon Rule 12(b)(6).

## I. Background

In June 2012, GGTS contracted to purchase eleven machines from Moore Controls, LLC. (Doc. 1 at PageID 7). GGTS is a Chinese corporation with its principal place of business in China. (Doc. 10 at PageID 197). GGTS is owned by Gleason (Mauritius) Holdings Ltd., which is incorporated in and has its principal place of business in Mauritius. (Doc. 10 at PageID 197). Gleason Holdings Ltd. is held by The Gleason Works, a New York corporation with its principal place of business in New York. (Doc. 10 at PageID 197-98). The Gleason Works is held by Gleason Corporation. (Doc. 10 at PageID 198). Gleason Corporation is incorporated in Delaware and has its principal place of business in New York. (Doc. 10 at PageID 196).

GGTS made several progress payments, but allegedly failed to make the final payment amounting to 10% of the purchase price. (Doc. 1 at PageID 8). Moore Controls, LLC assigned this account to plaintiff, a Michigan limited liability company, on May 20, 2016. (Doc. 1 at PageID 8).

Plaintiff sued GGTS and Gleason Corporation in Washtenaw County Circuit Court in an attempt to receive this final payment. (Doc. 1 at PageID 6). Gleason Corporation was served on November 22, 2016. (Doc. 1 at PageID 2). Gleason Corporation removed the case to federal court on December 2, 2016. (Doc. 1 at PageID 1-3). GGTS has not yet been served, and did not join in the removal. (Doc. 1 at PageID 1-3).

## II. Legal Standard

Plaintiff bears the burden of establishing the Court's personal jurisdiction over Gleason Corporation. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Where, as here, the court does not conduct an evidentiary hearing regarding personal jurisdiction, the plaintiff "need only make a prima facie showing of jurisdiction." *Id.* at 887. "Nevertheless, the plaintiff may not simply reassert the allegations contained in its pleadings, but instead must 'set forth specific facts showing that the court had jurisdiction.'" *GKN Driveline v. Stahl Specialty Company*, No. 15-cv-14427, 2016 WL 1746012, at *3 (E.D. Mich. May 3, 2016) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). The Court must view the pleadings and affidavits in the light most favorable to plaintiff, *Third Nat. Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989), and will not consider

contrary assertions made by defendant. *Neogen*, 282 F.3d at 887 (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)).

### III. Analysis

"A federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen*, 282 F.3d at 888 (quoting *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994)).

Michigan's long-arm statute extends general jurisdiction pursuant to Mich. Comp. Laws § 600.711 and limited jurisdiction pursuant to Mich. Comp. Laws § 600.715. General jurisdiction enables a court to exercise jurisdiction over a corporation "regardless of whether the claim at issue is related to its activities in the state or has an in-state effect." *Neogen*, 282 F.3d at 888. Limited jurisdiction, in contrast, "extends only to claims arising from the defendant's activities that were either within Michigan or had an in-state effect." *Id.* at 888.

**A. General Jurisdiction over Defendant Gleason Corporation**

"In order to be subject to general jurisdiction in Michigan, a nonconsenting, nonresident corporation. . . must have carried on a

'continuous and systematic part of its general business' within Michigan." *Id.* at 889 (citing Mich. Comp. Laws § 600.711(3)). The Supreme Court stated that the appropriate inquiry is whether a foreign corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S.Ct. 746, 749 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853 (2011)). Michigan courts require foreign corporations to "actually be present within the forum state on a regular basis, either personally or through an independent agent." *Glenn v. TPI Petroleum, Inc.*, 305 Mich.App. 698, 707 (2014). In making this determination, Michigan courts consider "whether the particular corporate entity has a physical location, officers, employees, or bank accounts in Michigan," and the corporation's "conduct in soliciting and procuring sales and purchases within Michigan." *Id.* at 707. The "mere suggestion" that a defendant corporation "is, in some manner, conjoined with various subsidiaries that operate in Michigan is not sufficient to establish general personal jurisdiction." *Id.* at 710 (citing *Avery v. American Honda Motor Car Co.*, 120 Mich.App. 222, 225 (1982). Plaintiff must instead "plead or demonstrate an adequate 'alter ego' relationship between" a defendant

corporation "and its subsidiaries or that" a defendant corporation had control over the subsidiaries. *Id.* at 711.

Gleason Corporation states that it does not have a physical location, officers, employees, or bank accounts in Michigan. (Doc. 5-2 at PageID 69). Plaintiff alleges that Gleason Corporation conducts business in Michigan and, by way of William J. Simpson's involvement in negotiating with Christopher Mackey of Moore, solicited and procured a sale within Michigan. (Doc. 1 at PageID 7; Doc. 12-1 at PageID 205). These contacts are not of a "continuous and systematic" nature to render Gleason Corporation "at home in [Michigan]," *Daimler*, 134 S.Ct. at 754, or establish that Gleason Corporation is "actually present within [Michigan] on a regular basis." *Glenn*, 305 Mich.App. at 707. The Court, therefore, does not have general jurisdiction over Gleason Corporation.

**B. Limited Jurisdiction over Defendant Gleason Corporation**

Mich. Comp. Laws § 600.715 provides limited personal jurisdiction over a nonresident corporation for claims "arising out of the act or acts which create any of the following relationships," including "the transaction of any business within the state." Mich. Comp. Laws § 600.715(1). "[T]he slightest act of business in Michigan" satisfies this standard. *Neogen*, 282 F.3d at 888 (quoting *Lanier v. Am. Bd. Of Endodontics*, 843 F.2d 901, 906

(6th Cir. 1988)).  Establishing the requisite showing is so "extraordinarily easy" that Michigan courts have stated that "[t]he only real limitation placed on this [long arm] statute is the due process clause."  *Viches v. MLT, Inc.*, 127 F. Supp. 2d 828, 830 (E.D. Mich. 2000) (internal quotations and citations omitted).

Mackey's affidavit asserts that Gleason Corporation Executive William Simpson was involved in negotiating the contested sales contract. (Doc. 12-1 at PageID 205).  "This single act is sufficient to satisfy Michigan's long-arm statute under the broad 'slightest transaction' test described above."  *Beydoun v. Wataniya Restaurants Holding, O.S.C.*, 768 F.3d 499, 505 (6th Cir. 2914)).

Although Mich. Comp. Laws § 600.715(1) authorizes personal jurisdiction over Gleason Corporation, plaintiff must "present a prima facie case that the district court's exercise of personal jurisdiction would not offend due process."  *Neogen*, 282 F.3d at 889 (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)).  "[Plaintiff] must therefore establish with reasonable particularity sufficient 'minimum contacts' with Michigan so that the exercise of jurisdiction over [Gleason Corporation] would not offend 'traditional notions of fair play and substantial justice.'"  *Id.*

at 889 (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). In the Sixth Circuit, this analysis is guided by a three-prong test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

"Purposeful availment. . . is present where the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum state, and where the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Neogen*, 282 F.3d at 889 (citations, quotation marks, and emphasis omitted). "In the Sixth Circuit, the emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant with the forum state." *Beydoun*, 768 F.3d at 506 (quoting *Fortis Corporate Ins. v. Viken Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006)).

Plaintiff seems to argue that Gleason Corporation purposefully availed itself of the privilege of acting in Michigan by using William Simpson

to negotiate with Michigan company Moore Controls, LLC regarding a sales contract between Moore and GGTS for eleven machines that were manufactured and stored in Michigan. Plaintiff does not allege any additional specific contacts between Gleason Corporation and Michigan, and merely asserts that Gleason Corporation "conducts business in. . . Michigan." (Doc. 1 at PageID 7).

Simpson's contacts with Mackey do not create a sufficient connection such that Gleason Corporation would anticipate being haled into a Michigan court. Gleason Corporation did not "reach out" beyond its home states and "create continuing relationships and obligations with citizens" of Michigan. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). Plaintiff's proofs instead illustrate that the parties engaged in a one-time transaction, suggesting the contacts are "random," "fortuitous," or "attenuated," as opposed to deliberate conduct amounting to purposeful availment. *Id.* at 475. *See also August v. Manley Toys, Ltd.*, 68 F. Supp. 3d 722, 730 (E.D. Mich. 2014) (comparing one-time transactions and continuing business relationships that last multiple years).

Each *Mohasco Industries* criterion "represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enterprises*, 885

F.2d 1293, 1303 (6th Cir. 1989). The Court, therefore, may rule that limited personal jurisdiction does not exist without "dwell[ing] on the other criteria." *Id.*

**C. Piercing the Veil between Gleason Corporation and GGTS**

Courts may "exercise personal jurisdiction over . . . a corporation that would not ordinarily be subject to personal jurisdiction in that court when the . . . corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (citing *Patin v. Thoroughbred Power Boats Inc.,* 294 F.3d 640, 653 (5th Cir.2002)). "The alter-ego theory provides for personal jurisdiction," in the parent-subsidiary context, "if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Indah v. U.S. Sec. and Exch. Comm'n*, 661 F.3d 914, 921 (6th Cir. 2011) (internal quotations and citations omitted).

In applying the alter-ego theory of personal jurisdiction in this diversity action, the Court must look to the law of the forum state. *Thomson*, 545 F.3d at 362. Michigan law presumes that the corporate form will be respected. *Seasword v. Hilti,* 449 Mich. 542, 547 (1947). The presumption

that "parent and subsidiary corporations are separate and distinct," *Seasword*, 449 Mich. at 547, "often called the 'corporate veil,' may be pierced only where an otherwise separate corporate existence has been used to 'subvert justice or cause a result that [is] contrary to some overriding public policy.'" *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007) (quoting *Seasword*, 449 Mich. at 548). "Michigan courts will not pierce the corporate veil unless (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss." *Id.* at 798 (internal citations omitted). Factors to be considered include undercapitalization of the corporation, the maintenance of separate books, the separation of corporate and individual finances, the use of the corporation to support fraud or illegality, the honoring of corporate formalities, and whether the corporation is merely a sham. *Laborers' Pension Trust Fund v. Sidney Weinberger Homes, Inc.*, 872 F.2d 702, 704–05 (6th Cir. 1988) (internal citations omitted). "The propriety of piercing the corporate veil is highly dependent on the equities of the situation, and the inquiry tends to be intensively fact-driven." *Servo Kinetics*, 475 F.3d at 798.

Gleason Corporation sets forth specific facts relevant to the *Laborers' Pension Trust Fund* factors in the amended affidavit of Edward J. Pelta, an authorized representative of Gleason Corporation. Pelta declares that "GGTS is not undercapitalized," Gleason Corporation and GGTS "keep separate books and records" as well as "separate finances" including "financial records and bank accounts," "Gleason Corporation has never used GGTS. . . for fraud or illegality," Gleason Corporation "observe[s] corporate formalities," and that neither Gleason Corporation nor GGTS are sham corporations. (Doc. 10 at PageID 198).

Plaintiff fails to set forth specific facts relevant to the aforementioned factors. Plaintiff instead simply reasserts the allegations in its complaint, including that (1) GGTS "is a wholly controlled agent of Gleason [Corporation]," (2) GGTS "is a mere instrumentality of Gleason [Corporation]," and (3) GGTS "is wholly owned, operated, and controlled by Gleason [Corporation]." (Doc. 1 at PageID 8, 10). This is insufficient. *GKN Driveline*, 2016 WL 1746012, at *3 (quoting *Theunissen*, 935 F.2d at 1458) (stating that a plaintiff "may not simply reassert the allegations contained in its pleadings, but instead must 'set forth specific facts showing that the court ha[s] jurisdiction.'"). The Court, therefore, may not exercise personal jurisdiction of Gleason Corporation under an alter ego theory.

## IV. Conclusion

For the reasons stated above, Gleason Corporation's motion is GRANTED pursuant to Rule 12(b)(2).

IT IS SO ORDERED.

Dated: May 23, 2017

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 23, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk